UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

DAVID JURICH,                                   **AMENDED COMPLAINT**

     Plaintiff,

       -v-                                       JURY TRIAL DEMANDED

                                  16-cv-7579 (LGS)

CITY OF NEW YORK, DET. PHILLIP
ATKINS, P.O. DAVID VERNA, SGT. ISAAC
ACEVEDO, PO SAMANTHA WILLIAMS,

     Defendants.

---------------------------------------------------------X

<u>NATURE OF ACTION</u>

1.      Plaintiff, though he turned 18 in September 2016, was still a high-school student of 17 when a plainclothes police officer dressed like a Mafia thug slammed him against a wall, causing an arm fracture that required surgery and metal screws that he will have to have in his body the rest of his life. No crime was charged because the abusive cop didn't want to explain how someone half his size – David weighed all of 130 pounds at the time - got so injured but upon information and belief he or another defendant lied to emergency room personnel indicating he had taken PCP, something he had never known of until he saw it in the medical record, to suggest why he felt no pain. Also LSD, which plaintiff denies. No tests were taken. Plaintiff was a kid high on pot and the police broke his arm in treating him like a major breach of peace.

<u>THE PARTIES</u>

2.      Plaintiff is a resident of New York, New York.

3.      The City New York is a municipal corporation whose residence is in all five counties of New York City.

4.      The individual defendants are employees of the New York City Police

Department. In    writing this complaint, plaintiff cannot distinguish them except for P.O.

Williams, the only female on the scene who was recorded via videotape.

JURISDICTION AND VENUE

5.      Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this

action arises under the Constitution and laws of the United States, among them 42 U.S.C. §

1983.

6.      Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in

that the City of New York is deemed to reside in this jurisdiction.

FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 6 as if fully set forth herein.

8.      Plaintiff lives in an apartment on 23rd Street in a building built as housing

for the blind, which his father, a psychotherapist, happens to be.

9.      On or about 03/18/2016 at about 10 PM, in the third-floor corridor, David

was horsing around with his neighbor and friend, a young man about his age and size;

plaintiff is 6"1 and weighs 135 pounds.

10.      Plaintiff admits he was smoking marijuana with his friend before the

horseplay; he had invited him to 23rd street and they were in the apartment, then started

running around in the hallway in an immature manner – undoubtedly exacerbated by the

marijuana – for about 15 minutes.

11.      The third floor surveillance tape was rolling and caught all of this. At about

10:11, a neighbor rumoured to be schizophrenic came out of his apartment and started

threatening plaintiff and his friend with a baseball bat.

12.      Another family, unafraid, and with a ten-year-old beside them, looked on as if

entertained. It was probably the highlight of the evening, although the man with the baseball

bat wasn't happy and, upon information and belief, called 911.

13.      When the police arrive they are seen in the video walking in a menacing way;

anyone familiar with New York City cops can tell that they are police who seem like they

4

own the place (rather than security guards, who are mere workers). Their ease in resorting to violence in the face of a peccadillo speaks volumes as well; a security guard would use more restraint.

14.    Police in this city feel they have the right to resort to violence rather than de-escalate a situation. In fact, plaintiff was taken into custody not because of any crime, but because of a mental -hygiene law that allows a law enforcement officer to take an intoxicated person into custody who is a danger to himself; yet in supposedly "protecting" a three hundred pound police officer who trips him, and some of his cohorts, all of whom break his arm.

15.    At some point in the video, we see plaintiff and his friend leave the hallway, then the two or three heavyset men - both about 5'8" - enter the hallway with facing away from the camera.

16.    Plaintiff encounters one officer, who trips him at one point. The others rustle him up and around, and push him to the wall.

17.    Then two officers leave and the biggest officer sits him on the floor to put on cuffs. Plaintiff is unaware he is being sat on by a police officer. It is unclear whether the cuffs ever totally go on, although one arm is cuffed. It is unclear whether the police ID themselves. They show no badges on camera or wear a uniform to help an impaired person recognize their authority.

18.    NYPD protocols call for de-escalatation for an impaired for emotionally disturbed person. The main abuser, whom plaintiff cannot name specifically at this time.

19.    The EMS service arrives, because it is clear at this moment that Mr. Jurich has been injured.

20.    It is certain, however, that what basis there was for a supposed arrest was non-existent. Between the times Doe enters the screen and the time he cuffs plaintiff, plaintiff is doing nothing illegal. He is just high.

21.    He was taken to Bellevue where he was diagnosed with having Left mid radial and mid ulnar diaphyseal fractures.

22.    Upon information and belief, one or more of the officers tell either EMS or personnel at Bellevue that plaintiff is high on LSD and PCP.

23.     In fact, this is a lie. Plaintiff has never used LSD, and though it could have, and neither LSD nor PCP showed up in a drug test the week later when he got the surgery. It could have.

24.     Plaintiff did not know what PCP was until he saw it in his medical report in this case. He has never taken it. He never told anyone he was on it, and no tests were taken.

25.     Because of the allegation, the surgery was delayed, because PCP and anesthesia don't mix. He had taken marijuana, however, so whether the lie about LSD and PCP injured plaintiff – i.e., whether knowing he was high on pot would have delayed his surgery – is a question for another day.

26.     In more than a week, he had the screws surgically put in.

27.     As a result of the incident, plaintiff has suffered physically and emotionally, and demands redress.

<u>FIRST CAUSE OF ACTION</u>
<u>EXCESSIVE USE OF FORCE 42 U.S.C. § 1983</u>

28.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

29.     Defendants acted under color of state law.

30.     Plaintiff presented no physical obstacle to arrest, and did nothing to deserve being thrown into the wall then like a rag doll.

31.     He was deprived plaintiff of her right to be secure in her person, against unreasonable seizure of his person and against the use of excessive force as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

32.     As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive damages.

<u>SECOND CAUSE OF ACTION</u>
<u>BATTERY</u>

33.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

34.     One or more of the defendants intentionally engaged in bodily contact with

plaintiff, and such contact was harmful or offensive in nature.

35.     Plaintiff has timely filed a notice of claim against the City of New York. By virtue of the foregoing, Plaintiff has been damaged.

THIRD CAUSE OF ACTION
ASSAULT

36.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

37.     One or more of the defendants intentionally placed plaintiff in apprehension of immediate battery. Insofar as he has no idea that he was a police officer, plaintiff had no idea who was attempting to touch him.

38.     Plaintiff has timely filed a notice of claim against the City of New York.

39.     By virtue of the foregoing, Plaintiff has been damaged.

FOURTH CAUSE OF ACTION
VIOLATION OF SUBSTANTIVE AND
PROCEDURAL DUE PROCESS

40.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

41.     One or more of the defendants told EMS and/or E.R. personnel that plaintiff admitted he had taken LSD and PCP.

42.     This was not true, although he had taken marijuana

43.     No tests were taken, and plaintiff, a B student on his way to college with a good father, had no idea what PCP is and has never taken it.

44.     The idea that anyone on all three drugs could articulate this admission who couldn't remember why he came to the hospital when he woke up is fanciful.

45.     By virtue of the foregoing, Plaintiff has been damaged, and one or more of the defendants placed the information into the idea of the mind of E.R. personnel to protect him or herself from liability.

FIFTH CAUSE OF ACTION
FAILURE TO PROTECT
42 U.S.C. § 1983

46.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

47.     Al though one of the defendants was the main abuser and, upon information and belief, made the allegation that plaintiff had used PCP and LSD to justify his use of force.

48.     Plaintiff was high on pot and could not have articulated the day of week let alone what drugs he had taken and when.

49.     Plaintiff has timely filed a notice of claim against the City of New York.

50.     By virtue of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

A.          Compensatory damages to be determined by the trier and fact;

B.          Punitive damages to be determined by the trier of fact;

C.          Cost of suit and attorneys' fees pursuant to 42 U.S.C. § 1988;

D.          Such other relief as the Court may deem just and proper.

Dated: New York, New York
            June 4, 2017


_____/s/_____
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
275 Seventh Avenue Suite 705
New York, NY 10001
(212) 334-7397